SACCO & FILLAS, LLP
Luigi Brandimarte (LB-8388)
Brian S. Vidas (BV-6920)
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
(718) 746-3440
*Attorneys for Plaintiffs*

**CV 12 - 3821**

DEARIE, J.
POLLAK, M.J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERMAN CHITACAPA and JOSE RAMIREZ, *individually and on behalf of others similarly situated*, | Case No. |
| | ECF CASE |
| Plaintiffs, | |
| | COMPLAINT |
| -against- | |
| | FLSA COLLECTIVE ACTION |
| GRAND REVIEW, LLC, URBAN AMERICAN MANAGEMENT CORP., and URBAN AMERICAN MANAGEMENT, LLC | |
| Defendants. | |

SUMMONS ISSUED

        Plaintiffs German Chitacapa and Jose Ramirez, on behalf of themselves and others

similarly situated, allege as follows:

## JURISDICTION AND VENUE

        1.        This Court has original federal question jurisdiction under 28 U.S.C. 1331

because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they

are so related in this action within such original jurisdiction that they form part of the same case

or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because all Defendants conduct business in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3.      Plaintiff German Chitacapa ("Chitacapa") is a New York resident and has been employed by Defendants at several buildings as superintendent in this District.

4.      Plaintiff Jose Ramirez ("Ramirez") is a New York resident and was previously employed by Defendants at several buildings in this District.

5.      Upon information and belief, Defendants Grand Review, LLC, Urban American Management Corp., and Urban American Management, LLC (the "Defendants") share the same general management and operate under a similar trade name, "Urban American." The Defendants are joint employers under the Fair Labor Standards Act.

6.      Upon information and belief, Defendant Grand Review, LLC is a foreign limited liability company operating in New York, and organized under the laws of the State of Delaware, with a registered address at 590 56th Street, W New York, New Jersey 07093.

7.      Upon information and belief, Defendant Urban American Management Corp. is a corporation organized under the laws of the State of New York, with a registered address at 40 West 57th Street, Suite 115, New York, New York 10019.

8.      Upon information and belief, Defendant Urban American Management, LLC is a foreign limited liability company operating in New York, and organized under the laws of the State of Delaware, with a registered address at 552 Main Street, New York, New York 10044.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9.     Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants in any hourly position, including but not limited to, superintendents, porters, handyman, and other maintenance positions on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

12.     Defendants committed the following acts knowingly and willfully.

13.     Defendants knew that nonpayment of all wages owed, minimum wages and overtime wages would economically injure Plaintiff and violate federal and/or state laws.

3

### German Chitacapa

14.     Plaintiff Chitacapa works as a superintendent for Defendants.

15.     Throughout Chitacapa's employment with Defendants, Defendants have failed to pay him for all hours that he worked.

16.     Chitacapa generally clocks in upon his arrival at work each day but is not required to clock out when he finishes working for the day.

17.     Each paycheck that Chitacapa receives reflects the amount of hours that he is being paid for during the period covered by the paycheck.  However, Chitacapa's paychecks consistently reflect payment for less total hours than what Chitacapa reports, indicating an alteration in Chitacapa's records of his time worked in a typical work week.

18.     Chitacapa often works more than forty hours per week.

19.     Chitacapa's paychecks do not reflect time worked in excess of forty (40) hours per week.  Accordingly, Chitacapa is not compensated at one and a half times his regular rate of pay for hours worked in excess of forty (40) per week.

20.     Chitacapa's regularly clocks in at 8:00am and works until at least 7:00pm Monday through Friday.  On Saturdays and Sundays of each week, he regularly works two (2) hours per day for a total of four (4) hours throughout the weekend.

### Jose Ramirez

21.     Throughout Plaintiff Ramirez's employment with Defendants, Defendants failed to pay him for all hours that he worked.

22.     Ramirez generally clocked in upon his arrival at work each day but was not required to clock out when he finished working for the day.

23.   Each paycheck that Ramirez received reflects the amount of hours that he was being paid for during the period covered by the paycheck.  However, Ramirez's paychecks consistently reflect payment for less total hours than what Ramirez reported, indicating an alteration in Ramirez's records of his time worked in a typical work week.

24.   Ramirez consistently was not paid for the numbers of hours he spent working during a typical workweek, especially for work performed on holidays.

25.   Defendants willfully did not pay Ramirez for the full day that Ramirez worked on holidays.

26.   Moreover upon information and belief, Ramirez was entitled to time and one half pay for holidays pursuant to his employment contract.  Despite that contract providing for holiday pay, Ramirez not only did not receive compensation for the total number of hours worked, he did not receive time and one half pay for the hours worked on holidays.

27.   Plaintiffs sustained substantial losses from Defendants' failure to pay them for all hours worked and their failure to pay them proper overtime compensation.

28.   Upon information and belief, other employees who worked for Defendants and who are FLSA Collective Plaintiffs were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

29.   Defendants, though their corporate management, deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

5

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage and Record Keeping
### Violations, 29 U.S.C. §§ 201 *et seq.*
### Brought by Plaintiffs and on Behalf of Themselves
### and the FLSA Collective Plaintiffs)

30.     Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

31.     Plaintiffs are informed and believe and thereon allege that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as "employees" within the meaning of the FLSA.

32.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

33.     At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

34.     At all relevant times, Defendants willfully, regularly and repeatedly failed and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiffs and the other FLSA Collective Plaintiffs, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiffs and the other FLSA Collective Plaintiffs.

35.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as

6

provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
### Brought by Plaintiffs and on Behalf of Themselves
### and the FLSA Collective Plaintiffs)

36.     Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

37.     Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

38.     At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Plaintiffs and the FLSA Collective Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Plaintiffs and the FLSA Collective Plaintiffs have been and are entitled to overtime.

39.     At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

40.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. §§ 650 *et seq.*)

41.     Plaintiffs reallege and incorporate by reference all previous paragraphs.

42.     Defendants knowingly and willfully failed to pay Plaintiffs the New York minimum wage for all hours worked.

43.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings, in an amount to be determined at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. §§ 650 *et seq.*)

44.     Plaintiffs reallege and incorporate by reference all previous paragraphs.

45.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

46.     At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

47.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### (New York Timely Payment of Wages Provisions, N.Y. Lab. Law §§ 190 *et seq.*)

48.     Plaintiffs reallege and incorporate by reference all previous paragraphs.

49.     By failing to pay Plaintiffs their wages owed, Defendants blatantly disregarded their obligation under N.Y. Lab. Law § 191 to pay employees' wages not less frequently than semi-monthly.

50.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff have sustained damages, including the loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and all other covered employees, pray for relief as follows:

A.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

B.     Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C.     Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

D.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

E.     Costs of action incurred herein, including expert fees;

F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

9

G.      Prejudgment and post-judgment interest, as provided by law; and

H.      Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.

Dated: Astoria, New York
        July 27, 2012

SACCO & FILLAS, LLP

By:
    Luigi Brandimarte (LB-8388)
    Brian S. Vidas (BV-6920)
    31-19 Newtown Avenue
    Seventh Floor
    Astoria, New York 11102
    (718) 746-3440

*Attorneys for Plaintiffs, proposed
collective action members*

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

10